■ In the Matter of ARTHUR J. HOOD et al., Respondents, v VALERIE CONNAUGHTON, Appellant.—In a proceeding brought by grandparents for, *inter alia,* visitation with the children of their deceased daughter, the children's guardian appeals from (1) an order of the Family Court, Suffolk County, entered September 24, 1979, which denied a motion to dismiss the petition and (2) an order of the same court, entered October 24, 1979, which granted visitation to the grandparents. Appeal from order entered September 24, 1979 dismissed (see Family Ct Act, § 1112). This order is reviewable on the appeal from the order entered October 24, 1979. Order entered October 24, 1979 modified by (1) deleting therefrom the provision ordering visitation for "3 continuous weeks every Summer, dates to be arranged between the parties. Alternating Christmas and Easter vacations, ten days each, to include Christmas Day and Easter Sunday, Christmas in odd numbered years, Easter in even numbered years, commencing Christmas, 1979" and (2) substituting therefor a provision ordering visitation for two continuous weeks during the summer and for two four-day periods during the year, neither of which, unless otherwise agreed, shall encompass Thanksgiving Day, Christmas Day, or Easter Sunday, the dates to be arranged between the parties. As so modified, order affirmed, without costs or disbursements. The unique value of the relationship between grandchil-

dren and grandparents is beyond dispute. Nonetheless, of paramount importance to a child, and in particular to these children, placed in a new family setting as the result of the sudden loss of both natural parents, is the need for a stable home environment. In our opinion, the visitation rights granted by Family Court would result in a divisive sharing of the children as if between divorced spouses. To this extent, the visitation rights were overly extensive and are reduced accordingly. Furthermore, the children, adjusting to what is now their immediate family, should not be separated from it on traditional family holidays. The visitation, as modified, will adequately allow development of the important relationship between grandparents and child. These provisions, of course, remain subject to the condition imposed by Family Court that the grandparents affirmatively encourage the familial relationship between the guardian and the children. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.